■ CHARLES N. COWEN, Petitioner, v. LILY DALE ASSEMBLY et al., Respondents. (Proceeding No. 1.) — Determination unanimously confirmed, without costs. Memorandum: Petitioners bring this proceeding pursuant to section 298 of the Executive Law to review determinations of the State Human Rights Appeals Board which affirmed the Division of Human Rights dismissal of petitioners' complaints for lack of jurisdiction. Petitioners filed verified complaints with the State Division alleging that each of them was discriminated against in respect of housing accommodations by respondents, Lily Dale Assembly and its president, Robert Sabol, "because of my creed". Lily Dale Assembly is a membership corporation organized in 1897 and is devoted to "benevolent, charitable, literary and scientific purposes and mutual improvement in the religious knowledge of Spiritualism" (By-Laws of Lily Dale Assembly, Inc., art. 1, § 2). The assembly is situate on, and owns, 172 acres of land in Chautauqua County where it is proclaimed to be the largest center for the advancement of the religion of Spiritualism in the world. Contained within the confines of the assembly property are many recreational, religious and residential buildings. Article V of the by-laws of the assembly provides that "the Board of Directors shall not consent to the transfer of any lease of Lily Dale Assembly property unless the purchaser is a member of the Assembly in good standing". It is undisputed that neither petitioner is a member of the assembly nor of the Spiritualist faith. In this proceeding both petitioners challenge the right of the assembly to deprive them of housing accommodations within the geographic confines of the assembly. Petitioners' arguments are three-fold: (1) that Lily Dale Assembly is not a religious institution as understood in the context of subdivision 11 of section 296 of the Executive Law; (2) that the exemption found in the Executive Law for religious institutions does not apply to the residential property in question here; and (3) that even if the assembly is a religious institution and would be exempted by the statute, nevertheless the assembly may not discriminate arbitrarily and capriciously by permitting certain non-Spiritualists to rent property but not permitting petitioners to do so. Petitioners' first two contentions are not persuasive. Subdivision 11 of section 296 of the Executive Law provides that: "Nothing contained in this section shall be construed to bar any religious or denominational institution or organization, or any organization operated for charitable or educational purposes, which is operated, supervised or controlled by or in connection with a religious organization, from limiting employment or sales or rental of housing accommodations or admission to or giving preference to persons of the same religion or denomination or from making such selection as is calculated by such organization to promote the religious principles for which it is

established or maintained." There can be little doubt that Lily Dale Assembly is a religious institution as understood by the statutory exemption. In *Bartlett v. Lily Dale Assembly* (139 Misc. 338, app. dsmd. 6 A D 2d 758), the historical and religious background of respondent organization is well documented. Furthermore, having received its charter from the National Spiritualist Association in 1932, respondent's religious character would seem to be beyond dispute. As for the contention that the statutory exemption does not apply to residential property, we note that the express language of subdivision 11 of section 296 of the Executive Law states to the contrary. The same specific exemption "for religious purposes" is granted as an exception in section 5-331 of the General Obligations Law. The assembly's use of its property for religious purposes is a continuing one which has not ceased. Petitioners' third argument is more troublesome. Petitioners maintain that notwithstanding its statutory exemption to discriminate on account of religion, respondent may not exercise its privilege in an arbitrary or capricious manner. It is argued that respondent's practice of making its residential properties available to non-Spiritualists during the summer months is inconsistent with denying petitioners housing accommodations at other times during the year and is therefore arbitrary and capricious and violates petitioners' rights to equal protection under the laws. It is not for this court nor any other secular institution to regulate the manner in which respondent exercises its ecclesiastical judgment (*Presbyterian Church* v. *Hull Church*, 393 U. S. 440; *Gonzalez* v. *Archbishop*, 280 U. S. 1). Respondent's attempt to make non-Spiritualists conversant with its organization by opening its premises during the summer tourist season is not beyond the scope of its fundamental rights under the Free Exercise clause of the First Amendment. In balancing the constitutional rights of property owners against those people who enjoy freedom of press and religion, the latter occupy the preferred position (*Food Employees* v. *Logan Plaza*, 391 U. S. 308; *Marsh* v. *Alabama*, 326 U. S. 501). Although respondent's efforts to proselytize in this manner does adversely affect petitioners' rights in respect of housing, it is not so harmful to society in general that respondent's First Amendment freedoms should be diminished. (Cf. *Sherbert* v. *Verner*, 374 U. S. 398; *Board of Education* v. *Barnette*, 319 U. S. 624; *McClure* v. *Salvation Army*, 460 F. 2d 553.) From the facts contained in the record before us, the division's dismissal of the complaints for lack of jurisdiction is proper. (Review of determination and order of appeal board dismissing complaint of discrimination in housing accommodations.) Present — Witmer, J. P., Moule, Cardamone, Goldman and Del Vecchio, JJ.