■ LILY DALE ASSEMBLY, INC., Appellant, v GREGORY L. HANNY et al., Respondents. — Order unanimously reversed, with costs, and matter remitted to Supreme Court, Chautauqua County, for further proceedings, in accordance with the following memorandum: Plaintiff seeks a permanent injunction and money damages against defendants. After a trial without a jury, the trial court denied the relief sought holding that plaintiff is not a religious corporation and had no standing to obtain the redress sought from defendants. The court made no findings of fact on whether the defendants had committed any of the acts complained of by the plaintiff. We hold that plaintiff is a religious corporation governed by the Religious Corporations Law. Section 306 of the Religious Corporations Law provides for reincorporation of a previously incorporated Spiritualist church in connection with the National Spiritualist Association. The language of section 306 is permissive, however, and the fact that plaintiff did not reincorporate under the section does not render the Religious Corporations Law inapplicable to it. Section 2-a of that law states that it applies "(b) to every corporation formed under any other statute or special act of this state which would, if it were to be formed currently under the laws of this state, be formed under this chapter". Plaintiff is a religious institution (*Cowen v Lily Dale Assembly,* 44 AD2d 772) and would be formed under the Religious Corporations Law if it were to be formed currently. (Appeal from order of

Supreme Court, Chautauqua County, Cass, J. — injunction.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Moule, JJ.