Aaron E. Klein, J.
In this CPLR article 78 proceeding petitioner, who was employed as a probationary cook by the New York Department of Correctional Services at the Albion Correctional Facility, seeks an order and judgment (1) vacating and annulling the determination by the Correctional Services Department that petitioner’s services as cook be terminated as of September 15, 1976, (2) reinstating petitioner "to her position as required by law and the order of the Human Rights Division, together with all back pay, seniority, rights, benefits and privileges” and (3) enjoining respondents New York Corrections Department Commissioner and Superintendent of Albion Correctional Facility from "harassing, interfering, or terminating the petitioner.” In the event this court finds a bona fide question of fact, petitioner requests this court to order a hearing.
The facts of this matter are undisputed. Sometime in November, 1972 petitioner applied for an assistant cook position at Albion Correctional Facility, and her application was not then acted upon. Subsequently petitioner, observing advertisements and notifications that Albion Correctional Facility had vacant cook positions at various times during the year 1973, contacted Theodore Reid, then Albion Correctional Facility Superintendent, to request that she be hired as cook. Superintendent Reid informed petitioner it was not his policy to hire females for kitchen work at Albion.
On November 27, 1973 petitioner filed a verified complaint with the New York State Human Rights Division alleging, in substance, she was discriminatorily denied employment on the basis of her sex.
On July 16 and 24, 1974, a hearing was held before State Human Rights Division Hearing Examiner, Alan S. Biernbaum, to determine whether the Department of Correctional Services and Albion Correctional Facility discriminated against petitioner as alleged in her complaint. All parties were present, a record was made, and all parties had the opportunity to introduce evidence, and cross-examine witnesses.
In a decision dated April 8, 1975 Werner H. Kramarsky, Human Rights Division Commissioner, upheld the petitioner’s complaint and ordered respondents in that proceeding to hire *690 petitioner as a cook in grade "SG-9” at the Albion Correctional Facility. In "Findings of Fact” paragraph 6, Commissioner Kramarsky said: "The record established that the Complainant was qualified for the position of cook, having had 3V2 years experience as an institutional cook at Iroquois, a facility under the authority of the New York State Narcotic Addiction Control Commission, whose inmates were certified addicts, the majority of whom were convicted felons.”
Respondents appealed Commissioner Kramarsky’s April 8, 1975 decision to the State Human Rights Appeal Board, which acting pursuant to its authority (Executive Law, § 297-a, subd 6, par f) stayed the April 8 order, by its order dated May 5, 1975. No indication appears in the moving papers that the State Human Rights Appeal Board has made a decision on the appeal from the commissioner’s April 8, 1975 order.
Without prejudice to its appeal, the Department of Correctional Services, acting on request of the State Division of Human Rights, gave petitioner employment. By letter dated April 20, 1976 petitioner was notified of her assignment as "Cook” grade "SG-9” at Albion effective as of April 15, 1976, for a probationary period of 8 weeks minimum to 26 weeks maximum.
Following petitioner’s appointment the Correctional Services Personnel Department conducted its "normal” postappointment review of petitioner’s application, and discovered that petitioner’s employment at Iroquois, a New York State Narcotic Addiction Control Commission facility was not as Commissioner Kramarsky found in his April 8, 1975 decision "as an institutional cook”, but rather as a "food service worker.” On the basis of this finding the Correctional Services Personnel Department concluded that petitioner did not meet minimum civil service requirements to be appointed "Cook” at Albion and that her appointment was in violation of Civil Service Law and unlawful. In its appeal pending before the State Human Rights Appeal Board the Department of Correctional Services, by motion served on September 21, 1976, has asked for a dismissal of petitioner’s November 27, 1973 discrimination complaint based on the fact petitioner was not qualified under the Civil Service Law for the position of cook.
Petitioner worked at Albion as a cook presumably beginning sometime shortly after April 20, 1976 until September 15, 1976.
By letter dated August 31, 1976 petitioner was informed by *691 Correctional Services Personnel Director Henry Bankhead that she would be terminated as cook at Albion effective September 15, 1976, because review of her employment application’s work history experience as a food service worker at Iroquois did not satisfy the minimum civil service requirements to be appointed to a cook’s position.
It is the September 15, 1976 employment termination which petitioner seeks to attack in this article 78 proceeding as an arbitrary, capricious, and illegal act by the respondents. This article 78 proceeding was commenced by service of notice of petition and petition verified January 14, 1977.
Respondents interpose five objections in points of law and request dismissal of the petition at this juncture the only ruling requested from the court is on the five objections in point of law.
A. FAILURE TO EXHAUST EXECUTIVE LAW REMEDIES
Respondents urge that petitioner’s filing a second complaint verified October 14, 1976 with the State Human Rights Division charging the September 15, 1976 employment termination, and other acts, were based on illegal sex discrimination constitutes an election of remedies under subdivision 9 of section 297 of the Executive Law which bars court action on a charge of unlawful discrimination once a complaint is filed with the State Human Rights Division. Respondents also urge that petitioner in this CPLR article 78 proceeding is attempting to enforce the April 8, 1975 Human Rights Division decision, without having exhausted her Executive Law (§ 297-a) appeal to the Human Rights Appeal Board.
A second objection in point of law urged by respondents is based on section 298 of the Executive Law which limits review of the State Human Rights Appeal Board determinations to a proceeding before the "appellate division of the supreme court of the state in the judicial department embracing the county wherein the unlawful discriminatory practice which is the subject of the order occurs”. Respondents urge that since the notice of petition and petition seek judgment "reinstating the petitioner to her position as required by law and the order of the Human Rights Division” this article 78 proceeding is premature as an attempt to obtain court review of State Human Rights Division proceedings which are not final, and which in any event under section 298 of the Executive Law are reviewable only in the Appellate Division.
Petitioner urges that this article 78 proceeding is not (1) an *692 election of remedies under subdivision 9 of section 297 of the Executive Law or (2) an improper attempt to review a nonfinal determination of the State Human Rights Appeal Board, reviewable under section 298 of the Executive Law only in the Appellate Division, because this article 78 proceeding seeks to correct a determination based upon the arbitrary and capricious action of the Department of Correctional Services which resulted in petitioner’s termination effective September 15, 1976. In petitioner’s words: "There is absolutely nothing in the Executive Law which would preclude the petitioner from maintaining a complaint with the Division of Human Rights alleging an unlawful discriminatory act, while maintaining an action in the courts alleging an arbitrary and capricious termination.”
Petitioner, in effect, urges that the September 15, 1976 employment termination can be the product of unlawful discriminatory practices properly corrected under the Executive Law through the State Human Rights Division, and also an arbitrary and capricious action properly remedied via an article 78 proceeding.
The distinction urged by petitioner, while intellectually understandable, would appear to present problems in view of this language contained in CPLR 7801:
"Except where otherwise provided by law, a proceeding under this article shall not be used to challenge a determination:
"1. which is not final or can be adequately reviewed by appeal to a court or to some other body or officer or where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner’s application unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure rehearing has elapsed”. (Emphasis added.)
In determining whether the Correctional Services Department acted in an unlawful discriminatory manner by terminating petitioner on September 15, 1976, it would appear that under the Executive Law (§§ 297, 297-a, 298) machinery the State Human Rights Division can consider, as an element of discrimination, whether the Correctional Services Department acted in an arbitrary, capricious manner or abused its discretion. For this reason this court recognizes that the arbitrary *693 and capricious action which petitioner asks it to review now "can be adequately reviewed” in the State Human Rights Division proceedings still pending.
At the very least it appears premature for this court to rule on the arbitrary and capricious allegations presented by petitioner, without first giving the State Human Rights Division the opportunity to make its own judgment, if it is so inclined, on these matters.
In finding that petitioner has failed to exhaust her Executive Law administrative remedies by attempting to have this court rule on the arbitrary and capricious aspects of the Correctional Services September 15, 1976 determination before giving the Human Rights Division the opportunity to do so, this court observes that its decision is in accord with this reasoning of Associate Judge Gabbielli writing for a unanimous Court of Appeals in Young Men's Christian Assn. v Rochester Pure Waters Dist. (37 NY2d 371, 375): "The doctrine of exhaustion of administrative remedies requires 'litigants to address their complaints initially to administrative tribunals, rather than to the courts, and * * * to exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts’ (2 Cooper, State Administrative Law, p 561). It is bottomed on the principle that '[a] reviewing court usurps the agency’s function when it sets aside the adminsitrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action’ (Unemployment Comm. v Aragon, 329 US 143, 155; see, also, 3 Davis, Administrative Law, § 20.06).”
If the State Human Rights Division chooses not to determine whether the Department of Correctional Services acted in an arbitrary or capricious manner as an element in determining whether an unlawful discriminatory practice occurred, then petitioner will not be barred from having the appropriate Appellate Division rule on her claim, when and if she appeals the State Human Rights Appeal Board determination as authorized by section 298 of the Executive Law.
Having sustained respondents’ objection in point of law that petitioner has not exhausted her administrative remedies under the Executive Law before the State Human Rights Division, it is unnecessary to rule upon the other objections raised by respondents at this juncture.
*694 Accordingly, respondents’ motion to dismiss the article 78 petition is granted.