■ COLUMBIAN ROPE COMPANY, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Order and judgment unanimously affirmed with costs. Memorandum: Respondent Giles A. Wanamaker filed with the federal Equal Employment Opportunity Commission (EEOC) a complaint of age discrimination and retaliation against his employer, petitioner Columbian Rope Company (Columbian). The EEOC, contrary to Wanamaker's request, forwarded the complaint to the respondent New York State Division of Human Rights (SDHR) pursuant to a work sharing agreement between the two agencies. The SDHR did not conduct an investigation or a hearing on the matter. Wanamaker commenced an action in Federal District Court *(see, Wanamaker v Columbian Rope Co., 713 F Supp 533)* and alleged age discrimination under federal law *(see, 29 USC § 621 et seq.)* and also asserted a pendent state law claim *(see, Executive Law § 290 et seq.).* SDHR dismissed the claim before it on the ground of administrative convenience *(see, Executive Law § 297 [9]; 9 NYCRR 465.5 [d] [2] [iv]).* Colombian then commenced the instant proceeding pursuant to Executive Law § 298 to annul the SDHR dismissal.

Supreme Court properly denied the petition. An administra-

tive convenience dismissal may be annulled only if it was "purely arbitrary" *(Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542, 547). Here, contrary to Columbian's contention, the SDHR dismissal for administrative convenience effectuated Wanamaker's election of remedies, was in conformity with state law and regulation and advanced the state's human rights goals by not compelling use of scarce state resources where the complainant clearly expressed his desire to have his claim litigated in Federal Court *(see, Eastman Chem. Prods. v New York State Div. of Human Rights,* 162 AD2d 157, 158-159; *Scott v Carter-Wallace, Inc.,* 147 AD2d 33, 38, *lv dismissed* 75 NY2d 764; *see also, Martel v Dean Witter Reynolds,* 738 F Supp 53; *Kaczor v City of Buffalo,* 657 F Supp 441, 447). Colombian's reliance upon *Marine Midland Bank v New York State Div. of Human Rights* (75 NY2d 240, *rearg denied* 75 NY2d 947) is misplaced. There, the issue was whether a complaint which was untimely could be dismissed for administrative convenience. There is no issue of untimeliness presented in the instant case. (Appeal from Order and Judgment of Supreme Court, Cayuga County, Corning, J.—Executive Law § 298.) Present—Callahan, J. P., Denman, Green, Pine and Lowery, JJ.