**Luc R. PIERRE, Plaintiff,**

v.

**CHEMICAL BANK, Stanley Broitman, Julie Ginsberg, Linda Sanchez & Richard Shapiro, Defendants.**

**No. 94 CV 3297.**

United States District Court, E.D. New York.

March 13, 1997.

K.C. Okoli, New York City, for Plaintiff.

Simpson Thacher & Bartlett by J. Scott Dyer, Laura Sack, Karla A. Cohen, New York City, for Defendants.

## Memorandum and Order

WEINSTEIN, Senior District Judge:

### I. Introduction

Plaintiff alleges denial of his right to equal employment opportunity while working at Chemical Bank. N.Y.S. Human Rights Law, Executive Law § 296. Defendants move for summary judgment. Only one matter warrants discussion—their contention that filing a complaint with the New York City Commission on Human Rights constituted a binding election not to sue even though the City Commission was not competent to hear the case. This issue appears to be a matter of first impression.

No election of remedies took place because the City Commission was without subject matter jurisdiction. As a tribunal without competence, an application to it had no juridical effect.

### II. Facts

All alleged discriminatory activity occurred in Nassau County. Plaintiff, appearing pro se, initially filed an employment discrimination complaint drafted by a staff member of the City Commission. The City Commission granted defendants' motion dismissing plaintiff's charge on the ground of lack of "subject matter jurisdiction" on June 15, 1994. On June 20, 1994, plaintiff, then represented by counsel, commenced the instant action in New York State Supreme Court, Nassau County. Defendants removed the action to this Court. *See* 28 U.S.C. § 1441.

### III. Law

Section 297 of the New York Executive Law provides the procedure for filing a complaint based on an unlawful discriminatory practice described in section 296. The doctrine of election of remedies is embodied in New York Executive Law section 292(9). It states:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction ... unless such person had filed a complaint ... with any local commission on human rights....

Once a plaintiff has elected an administrative remedy by filing a complaint with the City Commission subsequent judicial action based on the same incident is barred unless the administrative proceedings were terminated for "administrative convenience." N.Y. Executive Law section 297(9).

The purpose of providing administrative remedies is to reduce the case load on the judicial system. *See, e.g., Chachra v. Katharine Gibbs School* 828 F.Supp. 176, 178 (E.D.N.Y.1993) ("the entire purpose of providing administrative remedies is to reduce the burdens on the state and federal court systems from the numerous discrimination claims that are filed each year"). It is for that reason that a subsequent application to the courts is barred.

Defendants argue that summary judgment should be granted because plaintiff's complaint was not dismissed as a result of administrative convenience, but for lack of subject matter jurisdiction. They rely on *Moodie v. Federal Reserve Bank of New York* 58 F.3d 879 (2d Cir.1995). *Moodie* held that an employee's election to seek state administrative remedies before seeking redress in court deprives federal and state courts of subject matter jurisdiction pursuant to New York Executive Law section 297(9). Moodie filed an employment discrimination complaint with the New York State Division of Human Rights. The State Division dismissed the complaint because it lacked personal jurisdiction over the defendant. Subsequently

Moodie filed a complaint in federal court based on the same incident. His claims were dismissed on the ground that pursuant to New York Executive Law section 297(9) his prior election of state administrative remedies prevented a subsequent application to any court. *Id.* at 882.

In *Moodie,* the State Division was an appropriate forum because it had subject matter jurisdiction. It could have made a valid determination but for the lack of personal jurisdiction over the defendant. The statutory doctrine of election applied because Moodie could have been fairly said to have made an election between the two possible forums—the State Division and the courts.

The case illustrates two different aspects of "jurisdiction." Competence of a local commission on human rights is analogous to federal question or diversity "jurisdiction" in the federal court, rather than to in personam "jurisdiction" over the defendant. *See, e.g.,* Charles Alan Wright, The law of Federal Courts, 22 ff. (4th ed., 1983). *Moodie* was an in personam case. This is a competence case.

### IV. Application of law to Facts

In the instant case it is undisputed that the events complained of occurred outside of New York City. The City Commission had no subject matter jurisdiction over the alleged discrimination since its territorial jurisdiction does not extend to employment outside of New York City. This fact should have been obvious to the City Commission staff member who drafted plaintiff's complaint. It could do nothing but dismiss the complaint because it lacked competence. Thus, the City Commission was not an appropriate alternative agency where plaintiff's complaint could be received. Because filing with the City Commission was not a valid option, plaintiff could not have been said to have made an election.

Here, the plaintiff was denied relief by the City Commission because of its lack of subject matter jurisdiction. The statute's design will not be jeopardized if this court hears the case.

### V. Conclusion

There must be one place where this case can be heard. Plaintiff is entitled to have his right to a remedy adjudicated in a competent forum. This court is the first competent forum in which he has sought relief.

Summary judgment for defendants is denied.

So Ordered.