■ LINDA LEGG, Respondent, v EASTMAN KODAK COMPANY, Appellant. In the Matter of EASTMAN KODAK COMPANY, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [670 NYS2d 291] —Order unanimously reversed on the law without costs, motion granted, complaint dismissed, petition granted in part and matter remitted to New York State Division of Human Rights for further proceedings on the administrative complaint in accordance with the following Memorandum: On May 23, 1995, complainant filed a complaint with the New York State Division of Human Rights (Division).

She alleged that, from March 1994 through July 27, 1994, her supervisor at Eastman Kodak Company (Kodak) had treated her differently based upon her gender. Thereafter, complainant made several attempts to have the Division dismiss her complaint on the ground of administrative convenience (ACD) so that she could file an action in Federal or State court. On April 9, 1996, complainant commenced a discrimination action in New York State Supreme Court; complainant concedes, however, that she did not receive the ACD from the Division until August 28, 1996. Kodak moved to dismiss the complaint in the State court action pursuant to CPLR 3211 (a) (2) on the ground that the court lacked subject matter jurisdiction. Kodak also commenced a proceeding pursuant to CPLR article 78 and Executive Law § 298 seeking to annul the Division's determination to grant the ACD and to remit the matter to the Division. Upon stipulation of the parties, the State court action and the CPLR article 78/Executive Law § 298 proceeding were consolidated. Supreme Court denied the motion of Kodak to dismiss the complaint in the State court action and also denied its petition for relief in the CPLR article 78/Executive Law § 298 proceeding.

Kodak contends that the ACD granted by the Division was arbitrary because it contravenes the election of remedies provision of the Human Rights Law (Executive Law § 297 [9]) as well as the Division's regulations then in effect (9 NYCRR 465.5 [e] [2] [vi]). We agree. Under Executive Law § 297 (9), a person claiming to be aggrieved by unlawful discriminatory practices may elect to seek redress in either an administrative or a judicial forum. As a general rule, the remedies are intended to be mutually exclusive (*Marine Midland Bank v New York State Div. of Human Rights,* 75 NY2d 240, 245, *rearg denied* 75 NY2d 947; *Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542, 548). Once a complainant elects the administrative forum by filing a complaint with the Division, a subsequent judicial action on the same complaint is generally barred (Executive Law § 297 [9]; *Marine Midland Bank v New York State Div. of Human Rights, supra,* at 245).

Before the election of remedies statute was recently amended (L 1997, ch 374), the single exception to the mutually exclusive nature of the elective remedies arose when a complaint was dismissed by the Division for "administrative convenience" (Executive Law § 297 [9]; *see, Marine Midland Bank v New York State Div. of Human Rights, supra,* at 245; *Emil v Dewey,* 49 NY2d 968, 969). In that situation, the complainant retained

the right to bring an action in State court as if the administrative complaint had never been filed (*see,* Executive Law § 297 [9]; *Marine Midland Bank v New York State Div. of Human Rights, supra,* at 245).

Although Executive Law § 297 (3) (c) provides that dismissals by the Division for administrative convenience are within the agency's "unreviewable discretion" and are authorized at any time prior to a hearing, the Court of Appeals has recognized that the agency's authority under the statute is "not boundless" (*Marine Midland Bank v New York State Div. of Human Rights, supra,* at 246). Dismissals based on administrative convenience are subject to judicial review to the extent that they are "purely arbitrary", i.e., to the extent that they contravene or threaten to contravene a statute or constitutional right or violate the agency's own regulations (*Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., supra,* at 547).

We conclude that the Division's dismissal of the complaint on the ground of administrative convenience was "purely arbitrary" because it contravened the election of remedies provision of Executive Law § 297 (9) and the agency's own regulation (9 NYCRR 465.5 [e] [2] [vi]). The record establishes that complainant filed an administrative complaint with the Division and thereafter sought an ACD from the Division in order to commence an action in State court. The record further establishes that, before the Division granted the ACD, plaintiff commenced an action in State Supreme Court. Thus, the ACD subsequently granted by the Division contravenes the election of remedies provision of Executive Law § 297 (9) and the Division's own regulation (9 NYCRR 465.5 [e] [2] [vi]). Therefore, Kodak's motion must be granted, the complaint in the State court action dismissed, the petition granted in part, the administrative complaint reinstated and the matter remitted to the Division for further proceedings on the administrative complaint. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Executive Law.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.