[676 NYS2d 331]

Margaret A. Kordich, Appellant, v Gary I. Povill et al., Respondents.

Third Department, July 30, 1998

**APPEARANCES OF COUNSEL**

*Maynard, O'Connor, Smith & Catalinotto,* Albany (*Robert Catapano-Friedman* of counsel), for appellant.

*DeGraff, Foy, Holt-Harris & Kunz,* Albany (*Christopher Massaroni* of counsel), for respondents.

**OPINION OF THE COURT**

CARDONA, P. J.

Plaintiff worked as an office manager at defendants' medical office from 1985 until her termination in October 1992. In April 1993, she commenced an action against defendants in State court alleging sex and age discrimination arising out of her termination. Thereafter, in February 1994, she filed complaints with the Federal Equal Employment Opportunity Commission (hereinafter EEOC) and the State Division of Human Rights (hereinafter SDHR) alleging that defendants had retaliated against her by informing prospective employers that she had previously filed discrimination charges. As a result of its investigation, the EEOC found evidence of retaliation by defendants, but advised plaintiff that it would not pursue litigation in reference to that finding. It further advised plaintiff of her right to pursue her own litigation by filing suit within 90 days in Federal District Court. Consistent with that determination, the SDHR dismissed plaintiff's complaint on the ground of administrative convenience, noting that: "Processing the complaint will not advance the State's human rights goals in as much as [*sic*] the matter is presently being litigated in Federal Court in which forum all the issues concerning the question of discrimination based upon retaliation can be resolved."

In October 1995, plaintiff commenced this action in State court alleging causes of action under Executive Law § 290 *et seq.* and title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*) in regard to defendants' alleged retaliation. Defendants moved to dismiss the complaint on the ground, *inter alia,* that Supreme Court lacked subject matter jurisdiction. Supreme Court granted the motion, stating that "[p]laintiff elected her Federal remedy and was specifically informed in writing by both the [EEOC] and the [SDHR] that she must pursue her claims in Federal Court". Plaintiff appeals.

Executive Law § 297 (9) provides that a person aggrieved by alleged discriminatory practices may elect to seek redress either in an administrative proceeding or a judicial action. The remedies are mutually exclusive and "once a complainant elects the administrative forum by filing a complaint with the Division of Human Rights, a subsequent judicial action on the same complaint is generally barred" (*Marine Midland Bank v New York State Div. of Human Rights,* 75 NY2d 240, 245; *see, Legg v Eastman Kodak Co.,* 248 AD2d 936, 937-938). An exception to this rule, however, exists where the SDHR dismisses the complaint on the basis of " 'administrative convenience' " (*Marine Midland Bank v New York State Div. of Human Rights, supra,* at 245; *Legg v Eastman Kodak Co., supra,* at 938). In such instance, the complainant "shall maintain all rights to bring suit as if no complaint had been filed" (Executive Law § 297 [former (9)]).

Nevertheless, administrative convenience dismissals are subject to judicial review and may be struck down if " 'purely arbitrary' " (*Matter of AMR Servs. Corp. v New York State Div. of Human Rights,* 214 AD2d 665, 666). They should be issued only in "cases where the dismissal is truly for the convenience of the agency rather than due to a change of litigation strategy by the complainant" (*Chachra v Katharine Gibbs School,* 828 F Supp 176, 178). Notably, where the SDHR issued an administrative convenience dismissal to allow a complainant to pursue a discrimination claim in State court which was not timely brought as an administrative complaint, the Court of Appeals struck down the dismissal as arbitrary (*see, Marine Midland Bank v New York State Div. of Human Rights, supra*). Similarly, in *National Broadcasting Co. v State Div. of Human Rights* (Sup Ct, NY County, Jan. 8, 1988, Wright, J., *affd without opn sub nom. National Broadcasting Corp. v Tong,* 144 AD2d 1046), the court invalidated an administrative convenience dismissal issued by the SDHR solely to allow a

complainant to change litigation strategy and pursue a discrimination claim in State court.

■ While the language of Executive Law § 297 (9) in effect at the time the administrative convenience dismissal was issued to plaintiff does not contain an explicit prohibition on the commencement of an action in State court (*see*, Executive Law § 297 [former (9)]), it is evident from the case law and subsequent amendment of this section that certain limitations existed. In view of this, as well as the particular language contained in the administrative convenience dismissal issued in the present case, we conclude that Supreme Court properly found subject matter jurisdiction lacking on the ground that plaintiff had elected to pursue her claims in Federal court.

A review of cases decided prior to the 1997 amendment of Executive Law § 297 (9) discloses that the courts perceived administrative convenience dismissals as a means by which the SDHR would allow State claims to proceed to Federal court, thereby avoiding duplicative proceedings and conserving scarce State resources (*see*, *Matter of AMR Servs. Corp. v New York State Div. of Human Rights, supra*; *Columbian Rope Co. v New York State Div. of Human Rights*, 174 AD2d 1033). The amendment of Executive Law § 297 (9) in 1997 expanded the bases upon which the SDHR may dismiss an administrative complaint for the purpose of allowing judicial action (*see*, L 1997, ch 374, § 2, eff Aug. 5, 1997). The statute now provides that where the SDHR "has dismissed [the] complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, [the complainant] shall maintain all rights to bring suit as if no complaint had been filed with the [SDHR]" (Executive Law § 297 [9]).

The reference to the annulment of the election of remedies implies that, prior to the amendment, a complainant's right to seek review of a discrimination claim in State court was circumscribed. This is evidenced by a legislative memorandum accompanying the amendment in which it is noted that, under prior law, the administrative convenience dismissal was utilized to enable a complainant to have a State law discrimination claim heard pendent to a Federal claim over which the SDHR has no jurisdiction (*see*, Senate Mem in Support, 1997 McKinney's Session Laws of NY, at 2364). The memorandum further states that, under prior law, "where a complainant wishe[d] to pursue his or her case in court for reasons unrelated to parallel federal remedies, the [SDHR] [was] unable to

dismiss the case" (*id.*, at 2364-2465). Significantly, the memorandum concludes that: "The proposed legislation would remedy these situations, so that the [SDHR] could dismiss cases by allowing dismissal for untimeliness or annulling the election of an administrative remedy where the complainants have the necessity or means to be in *state court*" (*id.*, at 2365 [emphasis supplied]). Thus, under the current version of Executive Law § 297 (9), the SDHR may dismiss an administrative complaint for the very purpose of allowing a complainant to annul his or her election of remedies and pursue an action in State court as plaintiff wishes to do here.

Significantly, the administrative convenience dismissal issued in this case was not for the purpose of allowing plaintiff to commence a State court action, but was issued to allow the matter to be pursued as part of litigation in Federal court. Although plaintiff contends that she did not represent to the SDHR that her State law claim would be litigated with her title VII claim in Federal court, correspondence in the record discloses that plaintiff requested the administrative convenience dismissal so that State and Federal claims could "be brought in a single action". Inasmuch as the SDHR understood this to mean that all claims would be pursued in Federal court for the purpose of conserving "scarce state resources" (*Columbian Rope Co. v New York State Div. of Human Rights, supra,* at 1034), a goal that serves the convenience of the agency, we conclude that plaintiff was limited to pursuing litigation in this forum.

█ Lastly, we find no merit to plaintiff's contention that defendants waived their right to raise the defense of subject matter jurisdiction by their failure to appeal the administrative convenience dismissal under Executive Law § 298. Defendants were not aggrieved by the dismissal as worded and, therefore, had no incentive to file an appeal.

MIKOLL, WHITE, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, with costs.