OPINION OF THE COURT
William H. Keniry, J.
Claiming that she was the victim of sexual harassment by her supervisor at Universal Packaging Corporation (UPC), Saratoga Springs, New York, plaintiff, respondent Tina Del *168 Regno filed a complaint in September 1994 with the New York State Division of Human Rights (SDHR). Subsequent to the filing, Del Regno corroborated other female employees’ claims of sexual harassment and testified in another worker’s behalf. Del Regno contends that in 1997 she was subjected to adverse retaliatory conduct by UPC in the terms and conditions of her employment. Del Regno filed a second claim of discrimination with the United States Equal Employment Opportunity Commission (EEOC) in October 1997 based upon such alleged retaliatory conduct and also raised allegations of continuing incidents of sexual harassment. In January 1998, SDHR issued a finding that there was probable cause that UPC engaged in unlawful discriminatory practices as alleged in Del Regno’s September 1994 complaint and ordered that a public hearing on the complaint be held. In February 1998 Del Regno commenced an action in Federal court to seek redress based upon the allegations made in her 1997 EEOC complaint (Del Regno v Universal Packaging Corp., US Dist Ct, ND NY, index No. 98-CV-0330). In March 1998, Del Regno requested that the SDHR dismiss her 1994 complaint “so she may add it to her pending federal action and prove her remedies in court” (exhibit B to affidavit of Kim E. Greene, Oct. 6, 1998). UPC subsequently opposed the request arguing that dismissal of the administrative complaint would violate section 297 (9) of the Executive Law. The SDHR granted the dismissal on the ground of administrative convenience on July 9, 1998 finding that “noticing the complaint herein for hearing would be undesirable”.
Petitioners initiated this proceeding under section 298 of the Executive Law by notice of petition and petition for an order annulling SDHR’s dismissal of the complaint and remanding the matter to the administrative agency for public hearing in accordance with its original finding of probable cause. Respondents SDHR and Del Regno answered the petition and oppose the relief sought.
Section 297 (9) of the Executive Law, as amended effective August 5, 1997 (L 1997, ch 374, § 2), provides, in relevant part, as follows: “9. Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, *169 provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division. At any time prior to a hearing before a hearing examiner, a person who has a complaint pending at the division may request that the division dismiss the complaint and annul his or her election of remedies so that the human rights law claim may be pursued in court, and the division may, upon such request, dismiss the complaint on the grounds that such person’s election of an administrative remedy is annulled.”
Petitioners rely upon two recent cases to support their position that SDHR’s decision to dismiss the complaint for administrative convenience is “purely arbitrary”, an action thus subject to judicial review and annulment. The two cases, Legg v Eastman Kodak Co. (248 AD2d 936) and Wegmans Food Mkts. v New York State Div. of Human Rights (245 AD2d 685), upon casual perusal, appear to stand for the proposition that SDHR’s dismissal should be annulled.
However, as explained below, the two cases are not controlling precedent inasmuch as other case law as well as recent legislative amendments to section 297 (9) manifest that dismissal of the administrative complaint was appropriate in light of the complainant’s plan to pursue her State-based claims in the Federal court action.
Respondent Del Regno possesses an unfettered right to pursue Federal-based claims of discrimination in Federal court notwithstanding her filing of an administrative complaint with SDHR. There is an established body of New York law which permits her also to join related claims arising under New York law in a Federal action (Tribune Entertainment Corp. v New York State Div. of Human Rights, 210 AD2d 11; Columbian Rope Co. v New York State Div. of Human Rights, 174 AD2d 1033; Eastman Chem. Prods, v New York State Div. of Human Rights, 162 AD2d 157).
The case of Legg v Eastman Kodak Co. (supra), upon which petitioner principally relies, is distinguishable from the above line of precedents because the complainant therein commenced a State court action prior to receiving an administrative convenience dismissal. The Court therefore sustained an order remanding the discrimination proceeding to SDHR for hearing. The opinion of Wegmans Food Mkts. v New York State Div. of Human Rights (supra) is not controlling. The Court’s com- *170 merits in that case concerning propriety of the administrative dismissal are dicta and not binding precedent inasmuch as the Court found the appeal to be moot.
In this case, Del Regno requested an administrative convenience dismissal, as she is statutorily allowed to do, so that her State-based claims could be heard pendent to her Federal claims, with the ultimate result being that all related issues be litigated in one forum. Unlike the facts in Legg (supra), where the complainant sought to abandon her administrative remedy only to proceed on the same issues in State court, Del Regno seeks to adjudicate all of her Federal and State claims against her employer in one forum and thereby eliminate the need to have two proceedings in progress simultaneously. Such a result was implicitly approved in the recent case of Kordich v Povill (244 AD2d 112). Under these circumstances, the administrative convenience dismissal was appropriately granted by SDHR and cannot be found to have been “purely arbitrary”.
The petition is dismissed without costs.