■ In the Matter of UNIVERSAL PACKAGING CORPORATION et al., Appellants, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [704 NYS2d 332] —Peters, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered December 17, 1998 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to Executive Law § 298, to review a determination of respondent State Division of Human Rights dismissing respondent Tina Del Regno's discrimination complaint.

On September 9, 1994, respondent Tina Del Regno filed a complaint with respondent State Division of Human Rights (hereinafter SDHR) alleging sexual harassment by her supervisor at petitioner Universal Packaging Corporation (hereinafter UPC) during the period between October 1993 and the date of her filing. Such administrative complaint was simultaneously filed with the US Equal Employment Opportunity Commission (hereinafter EEOC). On September 27, 1997, Del Regno filed a second administrative complaint solely with the EEOC in which she alleged that she had been exposed to retaliatory conduct by UPC following her testimony in a separate discrimination action brought by another employee of UPC and that since October 1993 she continued to be subjected to incidents of sexual harassment by her supervisor.

On January 28, 1998 SDHR determined, after its investigation of Del Regno's 1994 complaint, that there was probable cause to support the allegations and that the matter would be referred for a public hearing. Prior to such public hearing and subsequent to her receipt of a right to sue letter from the EEOC in January 1998, Del Regno commenced an action in Federal court pursuant to title VII of the Civil Rights Act of 1964 (see, 42 USC § 2000e et seq.) alleging the claims of sexual discrimination and harassment made in her 1997 EEOC complaint. Such action also included the pendant State claims brought pursuant to the New York Human Rights Law (see, Executive Law § 290 et seq.) which mirrored those allegations in the 1994 complaint filed with SDHR.

On July 6, 1998, in response to Del Regno's March 30, 1998 request for dismissal pursuant to Executive Law § 297 (9) so

that all remedies could be pursued in one forum, SDHR dismissed the 1994 administrative complaint on the ground of administrative convenience. Such dismissal was predicated upon Del Regno's intention "to pursue [F]ederal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved". This proceeding was thereafter initiated pursuant to Executive Law § 298 for an order annulling SDHR's dismissal and a remand of the matter to such agency for a public hearing in accordance with its original finding of probable cause. Supreme Court found that SDHR's dismissal was not "purely arbitrary", prompting this appeal. We agree and accordingly affirm.

Pursuant to Executive Law § 297 (9), a person claiming to be aggrieved by an unlawful discriminatory practice may elect to seek redress in either an administrative or judicial forum where different rights and remedies may be pursued (*see, e.g.,* Executive Law § 297 [3]; *see also, Marine Midland Bank v New York State Div. of Human Rights,* 75 NY2d 240, 244-245). As the remedies are intended to be mutually exclusive* (*see,* Executive Law § 297 [9]), there is a recognized exception to a party's election of remedies. Such exception arises when SDHR exercises its "unreviewable discretion" at any time prior to a hearing to dismiss the complaint for "administrative convenience" (*see,* Executive Law § 297 [3] [c]; [9]; 9 NYCRR 465.5 [e]). Although "the Legislature intended to 'permit more efficient administration of [SDHR's] affairs' " (*Marine Midland Bank v New York State Div. of Human Rights, supra,* at 245, quoting 1968 Report of Governor's Committee to Review New York Laws & Procedures in Area of Human Rights [the Debevoise Committee], at 35), SDHR's authority is not unfettered. Such "[a]dministrative convenience dismissals are subject to judicial review to the extent that they are 'purely arbitrary', i.e. * * * [in] that they contravene or threaten to contravene a statute, constitutional right or administrative regulation" (*id.,* at 246, citing *Matter of Pam Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542, 547).

Del Regno has an absolute right to commence a Federal claim simultaneously with a State administrative claim because "the two are supplementary, not mutually exclusive" (*Oscar Mayer & Co. v Evans,* 441 US 750, 764). Unlike *Legg v Eastman*

---

* There is an express preclusion of administrative review after the commencement of an action in a judicial forum or the commencement of an action in a judicial forum on the same complaint once an election is made to proceed in the administrative forum by filing a complaint with SDHR (*see,* Executive Law § 297 [9]).

*Kodak Co.* (248 AD2d 936), where the complainant commenced an action in State court prior to an administrative convenience dismissal granted by SDHR, or the dictum relied upon by plaintiff in *Wegmans Food Mkts. v New York State Div. of Human Rights* (245 AD2d 685), Del Regno properly initiated the Federal action after receiving her right to sue letter from EEOC relating to her second complaint. Included in the Federal action was the reiterated and continued claims of sexual harassment along with new claims of retaliatory conduct.

As State administrative dismissals are permitted to avoid duplicative proceedings and conserve scarce State resources where, as here, the complainant clearly expressed a preference to have the State claim litigated in an already filed Federal action, we cannot find that the determination rendered should be set aside as "purely arbitrary" (*see, Columbian Rope Co. v New York State Div. of Human Rights*, 174 AD2d 1033; *Eastman Chem. Prods. v New York State Div. of Human Rights*, 162 AD2d 157; *see also, Promisel v First Am. Artificial Flowers*, 943 F2d 251, *cert denied* 502 US 1060; *Matter of Arcata Graphics Co. v New York State Div. of Human Rights*, 175 AD2d 663, *lv denied* 78 NY2d 863; *cf., Marine Midland Bank v New York State Div. of Human Rights*, 75 NY2d 240, *supra*). As such dismissal clearly effectuated Del Regno's election of remedies, "a goal that serves the convenience of the agency" (*Kordich v Povill*, 244 AD2d 112, 116) rather than furthering a newly found litigation strategy (*see, id.*), we affirm Supreme Court's judgment dismissing petitioners' application.

Cardona, P. J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See*, 179 Misc 2d 167.]