OPINION OF THE COURT
George B. Ceresia, Jr., J.
*347 Petitioner commenced the instant CPLR article 78 proceeding in the nature of prohibition seeking to enjoin the respondents from proceeding with a hearing on daks of sexual harassment and employment discrimination brought by respondent BracciO’Sullivan. The petition is based upon claims that the Division of Human Rights does not have subject matter jurisdiction over the underlying claims as a result of the claimant, respondent Bracci-O’Sullivan herein, having commenced an action in federal court seeking similar relief. Petitioner also contends that the claims in the administrative proceeding fail to state any grounds for relief against him.
“It is well established that a CPLR article 78 proceeding seeking the ‘extraordinary remedy of prohibition is only available to prevent a judicial or quasi-judicial body or officer from proceeding or threatening to proceed without or in excess of its jurisdiction, and then only if a clear legal right to that relief has been established’ (Matter of Haggerty v Himelein, 89 NY2d 431, 435; see, Matter of Pirro v Angiolillo, 89 NY2d 351, 355-356). . . . Prohibition is further inappropriate where an adequate legal remedy is available (see, Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786), unless the proponent establishes that irreparable harm will result if the matter is relegated to another path of judicial review (see, Matter of City of Newburgh v Public Empl. Relations Bd. of State ofN.Y., 63 NY2d 793, 795).” (Matter of Law Offs, of Andrew E Capoccia v Spitzer, 270 AD2d 643, 645 [3d Dept 2000].)
Moreover, prohibition is not available to challenge procedural or substantive errors alleged to have occurred within a proceeding which had original jurisdiction (see Matter of Hampshire v Scarano, 270 AD2d 794, 795 [3d Dept 2000]). For instance, prohibition does not lie to prevent the continuation of administrative proceedings which are allegedly untimely (see Matter of Tessy Plastics Corp. v State Div. of Human Rights, 47 NY2d 789, 791 [1979]; Matter of Lake Delaware Farms v Rosa, 200 AD2d 819 [3d Dept 1994]) or based upon allegations that there was no employer-employee relationship (see Matter of Ken Edrich Leather Accessories v New York State Div. of Human Rights, 269 AD2d 334, 335 [1st Dept 2000]).
In general, pursuant to Executive Law § 297, a person claiming to have been harmed by unlawful discrimination must elect to bring either an administrative proceeding before the New *348 York State Division of Human Rights or to bring an action in court. Such remedies are intended to be mutually exclusive, and once a claimant or plaintiff has chosen one procedure, he or she may not then commence an action or proceeding in the other forum (see Marine Midland Bank v New York State Div. of Human Rights, 75 NY2d 240, 244-245 [1989]; Matter of Universal Packaging Corp. v New York State Div. of Human Rights, 270 AD2d 586, 587 [3d Dept 2000]; Kordich v Povill, 244 AD2d 112, 114 [3d Dept 1998]). There are, however, exceptions to such rule. A claimant has a right to commence an administrative proceeding before the Human Rights Division and also commence an action in federal court seeking recovery under federal statutes, as the claims have been held to be supplementary and not mutually exclusive (see Matter of Universal Packaging Corp. v New York State Div. of Human Rights, 270 AD2d at 587-588). Moreover, the Division of Human Rights has the discretion to dismiss the administrative proceeding for administrative convenience, which has the effect of allowing commencement of a court action just as though the administrative proceeding had never been brought (see Marine Midland Bank v New York State Div. of Human Rights, 75 NY2d at 245; Kordich v Povill, 244 AD2d at 114).
Petitioner contends that notwithstanding the fact that the claimant, respondent Bracci-O’Sullivan, commenced the administrative proceeding first, the fact that she then commenced an action in federal court serves to divest the Division of Human Rights of its original jurisdiction. Petitioner has not provided any authority for such proposition. Rather, all of the cases cited by petitioner, and by respondent Department of Correctional Services, involve instances in which the first commenced action or proceeding precluded commencement of an action or proceeding in the alternative forum. Moreover, it has been held that under similar circumstances, the court action should be dismissed and the matter remitted to the Division of Human Rights for investigation (see Legg v Eastman Kodak Co., 248 AD2d 936, 938 [4th Dept 1998]; Matter of AMR Servs. Corp. v New York State Div. of Human Rights, 214 AD2d 665, 666 [2d Dept 1995]; High v AMR Servs. Corp., 1995 WL 362419, 1995 US Dist LEXIS 22324 [ED NY 1995]).
Based upon the holding in Matter of Universal Packaging Corp. v New York State Div. of Human Rights (270 AD2d at 587-588), the claimant could maintain both the administrative proceeding and the federal court action. However, it appears to *349 be common practice to seek a dismissal for administrative convenience to allow the state law claims to be litigated with the federal claims in a single proceeding in court (see e.g. id.; Kordich v Povill, 244 AD2d at 115; Matter of AMR Servs. Corp. v New York State Div. of Human Rights, 214 AD2d at 666; Columbian Rope Co. v New York State Div. of Human Rights, 174 AD2d 1033 [4th Dept 1991]; Gad-Tadros v Bessemer Venture Partners, 326 F Supp 2d 417, 426 [ED NY 2004]).
While the Administrative Law Judge indicated that there was a possibility that the administrative proceeding might be dismissed for administrative convenience, no such dismissal was ever granted. Pursuant to Executive Law § 297 (3) (c), the Division of Human Rights has “unreviewable discretion” to dismiss a complaint for administrative convenience. Such term has been construed to allow judicial interference with administrative dismissals only when the dismissal is “ ‘purely arbitrary’, i.e., to the extent that [it] contravened] or threaten[s] to contravene a statute, constitutional right or administrative regulation” (Marine Midland Bank v New York State Div. of Human Rights, 75 NY2d at 246).
Numerous cases involving dismissals for administrative convenience clearly show that dismissal is discretionary and not mandatory (see Acosta v Loews Corp., 276 AD2d 214, 219 [1st Dept 2000]; Matter of Universal Packaging Corp. v New York State Div. of Human Rights, 270 AD2d at 587; Legg v Eastman Kodak Co., 248 AD2d at 938). As such, commencement of the federal action did not automatically divest the Division of Human Rights of jurisdiction. Moreover, it appears that when a subsequently commenced judicial action is dismissed, the proper procedure is to remand the claim to the Division of Human Rights, not to compel yet another court action which would be precluded by the original administrative filing (see Legg v Eastman Kodak Co., 248 AD2d at 938; Matter of AMR Servs. Corp. v New York State Div. of Human Rights, 214 AD2d at 666). In addition, there has been no determination of the petitioner’s motion to dismiss within the administrative proceeding. As such the Division has not yet exercised its “unreviewable discretion.” The court therefore finds that the Division of Human Rights is not proceeding or about to proceed in excess of its jurisdiction based upon the previous commencement of a federal court action. As such, there is no clear legal right to prohibition.
Petitioner’s claims that even if all of the claimant’s allegations were proven true there would be no right to recover from *350 him clearly involve substantive issues within the administrative proceeding which do not relate to the Division of Human Rights’ jurisdiction to investigate claims of discrimination. Prohibition is not warranted on such claims either. Under such circumstances, petitioner’s claims of harm based upon the expense of the administrative proceeding and the inability to raise certain counterclaims against the claimant, respondent BraceiO’Sullivan, do not warrant any relief. Such factors are only considered by the court in exercising its discretion to grant or deny prohibition once it is shown that there is a clear legal right to such relief (see Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786 [1993]). Moreover, they are present in essentially every administrative proceeding under the Human Rights Law. Petitioner has not shown any grounds for deviating from the clearly expressed legislative intent of granting the claimant the right to choose the forum.
Accordingly, it is ordered that the petition is hereby dismissed.