■ In the Matter of NEW YORK STATE DIVISION OF STATE POLICE, Petitioner, v H. CARL MCCALL, as Commissioner of the State Division of Human Rights, et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated May 31, 1983, which reversed an order of the State Division of Human Rights dismissing respondent Matthew McDonnell's complaint of an unlawful discriminatory practice based on national origin. On June 27, 1981, respondent Matthew McDonnell applied to petitioner Division of State Police for employment as a State trooper. His application indicated his Hispanic national origin. He took the required examination and his score placed him very high on the minority eligibility list. McDonnell thereafter received a notice indicating he was a successful candidate for State trooper. Subsequently, to establish his Hispanic-American status, he submitted a copy of his mother's birth certificate showing her name to be Joan Opal Lopez, and certain documents indicating that his maternal grandfather was Spanish. McDonnell was ultimately advised that, after review of the documents he submitted, it had been determined that he did not qualify for the police Hispanic-American/Spanish-surnamed ethnic category. McDonnell then filed a complaint with the State Division of Human Rights alleging that the State Police had discriminated against him on the basis of his national origin in refusing to employ him under the minority program despite his Hispanic origin. The petition was dismissed based on a finding of no probable cause to believe that the State Police had engaged in an unlawful discriminatory

practice. On appeal to the State Human Rights Appeal Board, the determination was reversed and the matter remitted to the State Division of Human Rights for a public hearing. The State Police then initiated the present proceeding pursuant to section 298 of the Executive Law to review the adverse determination. In addition to the facts already mentioned, we note that by order dated October 19, 1979, the United States District Court for the Northern District of New York established guidelines for the Division of State Police to follow in order to achieve the long-term goal of having in its ranks personnel comprised of women, blacks and Spanish-surnamed Americans. The Human Rights Appeal Board specifically referred to this order in reversing and remitting for a public hearing. Petitioner advances several arguments urging annulment. Initially, it contends that the Division of Human Rights and the Human Rights Appeal Board lacked the requisite subject matter jurisdiction to make a determination with respect to McDonnell's complaint. More specifically, petitioner argues that neither sections 296 nor 296-a of the Executive Law encompass the factual situation alleged in McDonnell's complaint as one of discrimination and that the real issue presented is whether McDonnell is a Spanish-surnamed American and not whether he was discriminated against. We find these arguments unpersuasive. The Human Rights Law is to be construed liberally to accomplish the purposes enumerated therein (see *Matter of Arnot Ogden Mem. Hosp. v State Div. of Human Rights,* 67 AD2d 543, 546). In light of this principle, a fair reading of the complaint is that the State Police discriminated against McDonnell in violation of section 296 of the Executive Law by refusing to treat him in the same manner that it treated others of Hispanic national origin or ancestry in considering him for employment. Since the term "national origin" applies to "ancestry" (Executive Law, § 292, subd 8), it must apply with equal effect to an individual's maternal line of ancestry as well as his paternal line. McDonnell therefore alleged a legitimate claim pursuant to section 296 of the Executive Law over which the Division of Human Rights had jurisdiction. Petitioner also contends that the appeal board exceeded its jurisdiction when it made reference to and construed the United States District Court order. In view of our reasoning and conclusion on the initial issue, we must also reject this contention. Furthermore, there is uncontradicted documentary proof in the record, apart from the reference to the court order, to support the appeal board's conclusion that McDonnell was of Hispanic origin. Consequently, the appeal board did not base its decision solely on an interpretation of the Federal court order and, therefore, did not exceed its jurisdiction. Finally, we also find unpersuasive petitioner's contention that the appeal board exceeded the scope of its authority, authorized by section 297-a (subd 7, pars d, e) of the Executive Law, in reviewing the determination of the Division of Human Rights. Determination confirmed, and petition dismissed, without costs. Sweeney, Main and Yesawich, Jr., JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to dismiss in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). In an action by the United States of America against the State of New York, the complaint alleged, *inter alia,* discriminatory employment practices in violation of title VII of the Civil Rights Act of 1964 (US Code, tit 42, § 2000-e *et seq.,* as amd). The order that concluded that action directed that the State conduct an ongoing affirmative action program to recruit blacks and Spanish-surnamed Americans for employment by the State Police. Further, the Federal order requires the New York State Police to maintain a list of all black, Spanish-surnamed American and women's organizations and, subsequent to examination for entry level positions with the State Police, to give preference to members of those three categories. Here, petitioner's application for employment indicated his Hispanic origin. His score on the examination placed him

very high on the minority eligibility list. Thereafter, he submitted a copy of his mother's birth certificate showing her name to be Joan Opal Lopez and certain documents indicating that his maternal grandfather was Spanish. As noted in the majority's statement, the State Human Rights Appeal Board, reversing an order of the State Division of Human Rights, found probable cause for the existence of a discriminatory practice. We disagree. In our view, the proceeding by petitioner should not have been commenced pursuant to the Human Rights Law. The Division of State Police did not discriminate against petitioner by denying him a right to which he was entitled. The division, applying a criterion of the Federal order that preference could only be given to Spanish-surnamed Americans, merely found that he was not entitled to such preference since his surname, McDonnell, was not Spanish. The division had no other choice. It is not the function of the State Division of Human Rights or the State Human Rights Appeal Board to interpret Federal court orders. If the Federal order is to be attacked on the ground of vagueness, the action should be brought in Federal court. If the Federal order needs judicial construction to glean its proper meaning, a CPLR article 78 proceeding together with a declaratory judgment action should be commenced in a State court of general jurisdiction. The State Division of Human Rights has no jurisdiction to amend or construe court orders. Its sole function is to redress discriminatory practices based on, *inter alia,* national origin. That is not the issue herein. Petitioner was not discriminated against because of his national origin but, rather, was deprived of a preferential status to which, by the clear mandate of the Federal order, he was not entitled. Accordingly, neither the State Division of Human Rights nor the State Human Rights Appeal Board had subject matter jurisdiction to entertain the petition. The petition should be dismissed without prejudice to any action or proceeding being commenced in the appropriate forum.