■ In the Matter of STATEN ISLAND ALLIANCE FOR THE MENTALLY ILL, Respondent, v EDWARD MERCADO, as Human Rights Commissioner of the State of New York, et al., Appellants. [708 NYS2d 402] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered June 24, 1999, which granted petitioner's petition pursuant to CPLR article 78 to annul and vacate respondent Commissioner's September 30, 1998 order determining that the Division lacked subject matter jurisdiction over petitioner's complaint against the Metropolitan Transit Authority (MTA), denied the MTA's motion to dismiss the petition, and reinstated petitioner's complaint for further proceedings before the Division, unanimously affirmed, without costs.

We have already determined that an appeal lies as of right to this Court. The merits of petitioner's complaint were not addressed by the challenged order of September 30, 1998 since the Commissioner specifically found that the Division could not exercise subject matter jurisdiction over petitioner's complaint. The Commissioner's jurisdictional determination was, however, arbitrary and contrary to law since the Division plainly has statutory authority to adjudicate petitioner's complaint of a

denial of advantage by respondent Authority, a provider of public accommodation, by reason of disability, i.e., mental illness (*see*, Executive Law § 296 [2] [a]). While it is true that the MTA is not required by Federal law to include the mentally ill in its half-fare program (*see*, *Marsh v Skinner*, 922 F2d 112, *cert denied* 502 US 829), respondent Division was not thereby precluded from rendering a determination that the automatic exclusion of a class of disabled persons from a public accommodation program constitutes a discriminatory practice in violation of the State Human Rights Law (*see*, *Matter of New York State Div. of State Police v McCall*, 98 AD2d 921). We note that the equitable relief sought by petitioner may have been rendered moot by the recent enactment of legislation requiring the MTA to establish a half-fare program for the mentally ill on its mass transit system (Public Authorities Law §§ 1205 [as amended by L 2000, ch 24], 1266 [as amended by L 1999, ch 422]). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Lerner and Friedman, JJ.