■ In the Matter of STATEN ISLAND ALLIANCE FOR THE MENTALLY ILL et al., Petitioners, v EVONNE W. JENNINGS TOLBERT et al., Respondents. [762 NYS2d 36] —Determination of respondent New York State Division of Human Rights, dated July 25, 2002 which, after a hearing, dismissed petitioner's human rights complaint against respondent Metropolitan Transportation Authority, unanimously annulled, on the law, without costs, and the petition, brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Rosalyn Richter, J.], entered November 8, 2002), granted, to the extent of finding a violation of the Human Rights Law and remanding for a calculation of damages from April 1993 until March 2001.

In 1993, Jane Roe applied to respondent Metropolitan Transportation Authority's (MTA) Half-Fare Program, created in 1975, to obtain reduced-price transportation. Federal statutes and regulations then defined individuals as eligible if

they had a permanent or temporary incapacity or disability, regardless of its origin, rendering them unable to use mass transit without special facilities or special planning, as well as persons not so affected. When Roe applied, the only categories of individuals eligible for MTA's Half-Fare Program were blind persons, deaf persons, persons without both arms or hands, persons with ambulatory disabilities and the mentally retarded. Since Roe's transportation disability was due to mental illness, she was categorically ineligible for a reduced fare. In 1997, the Legislature directed the MTA to study the feasibility of including individuals disabled due to mental illness in the Half-Fare Program. In 1999, the Legislature mandated the MTA to establish a reduced-fare program on its two commuter railroads for individuals with mental illness who are eligible to receive federal Supplemental Security Income (SSI). Finally, in 2000, the Legislature mandated the MTA to establish a reduced-fare program for the mentally ill who are eligible to receive SSI. The present complaint was filed with the Division of Human Rights in 1993 alleging that the MTA's Half-Fare Program arbitrarily distinguished Roe from mentally retarded and brain damaged persons who participated in the Program but whose disabilities result in mobility limitations no more serious than those endured by Roe. The Division's dismissal on subject matter grounds was vacated by Supreme Court, which was affirmed by this Court (*Matter of Staten Is. Alliance for Mentally Ill v Mercado*, 273 AD2d 36 [2000]); we held that the Division had jurisdiction to adjudicate this complaint as a denial by MTA of an advantage by reason of her disability, namely mental illness. At a subsequent Division hearing, it was undisputed that Roe suffers from undifferentiated schizophrenia and is seriously disabled. Roe is unable to use a map or plan a new route or even negotiate a round trip fare. MTA's witness testified that Roe was rejected because her condition was not an "eligible handicap" and the Division dismissed the complaint on this basis. MTA concedes, however, that Roe has the same functional disability as a mentally retarded person. The Human Rights Law protects mentally ill individuals from discrimination in the form of denial of services, or unequal access to service, advantages or privileges by a place of public accommodation (Executive Law § 292 [9]; § 296 [2]). Roe's ineligibility is because the source of her impairments does not fit into the categories created by the MTA. She has been as disabled as an individual who fits within one of the preferred categories. Roe has clearly been denied a benefit because she is mentally ill instead of mentally retarded. The blanket exclusion of the mentally ill from the Half-Fare Program without justification

violates the Human Rights Law, which the Division is required to rectify (*see Elaine W. v Joint Diseases N. Gen. Hosp.*, 81 NY2d 211 [1993]; *State Div. of State Police v McCall*, 98 AD2d 921 [1983]; *see also Hamlyn v Rock Is. County Metro. Mass Tr. Dist.*, 986 F Supp 1126 [1997]). MTA argues that federal law does not require inclusion of the mentally ill and that the Legislature only intended to gradually extend this specific benefit to the mentally ill by increments. Neither federal law nor the accretion of statutory mandates on the MTA limit the broad antidiscriminatory protections provided mentally ill individuals under the Human Rights Law. We have considered the remaining arguments offered by respondents and find them to be without merit.

Remand is necessary so that the actual damages sustained by Roe can be ascertained and awarded. Roe's claim accrued in 1993 after she was rejected and continued only until March 2001 when she was advised that she would be eligible if she applied based on her IQ and functional limitations (*cf. Grasso v Matarazzo*, 288 AD2d 185 [2001]; *Cairl v County of Westchester*, 150 AD2d 749 [1989]). Concur—Buckley, P.J., Tom, Rosenberger, Ellerin and Williams, JJ.