Mr. Raymond Simon, Director Arkansas Department of Education #4 Capitol Mall Little Rock, Arkansas 72201-1071
Dear Mr. Simon:
I am writing in response to your request for an opinion on several questions relating to the "Arkansas Public School Choice Act of 1989," as amended. Specifically, you pose the following questions, which I have numbered below:
 1. Assuming that an Arkansas public school district is subject to the authority of a U.S. District Court order requiring that to the extent the school district accepts student transfers from outside the district those transfers must be accepted in a nondiscriminatory manner, can that school district participate in the Arkansas School Choice Act codified at Ark. Code Ann. § 6-18-206?
 2. In other words, if a school district is subject to a U.S. District Court order requiring the district to accept students on a nondiscriminatory basis, can that school district accept students into the district irrespective of § (f) of Ark. Code Ann. § 6-18-206?
 3. Finally, to the extent that two school districts come in conflict regarding any students that have been accepted into the district under the previously assumed U.S. District Court order and those districts petition the State Board of Education for resolution of that issue pursuant to Ark. Code Ann. § 6-18-206(g), does the State Board of Education have the necessary legal authority to decide that a school district is in compliance with the Arkansas School Choice Act and may accept students outside of the racial parameters called for in Ark. Code Ann. § 6-18-206 as long as the district is in compliance with the requirements of the assumed U.S. District Court order?
RESPONSE
I cannot provide an answer to your first and second questions, because the answer will depend upon the provisions of the applicable U.S. District Court order. In my opinion the answer to your third question is "no," the State Board of Education does not have this authority.
Question 1 — Assuming that an Arkansas public school district is subjectto the authority of a U.S. District Court order requiring that to theextent the school district accepts student transfers from outside thedistrict those transfers must be accepted in a nondiscriminatory manner,can that school district participate in the Arkansas School Choice Actcodified at Ark. Code Ann. § 6-18-206?
Question 2 — In other words, if a school district is subject to a U.S.District Court order requiring the district to accept students on anondiscriminatory basis, can that school district accept students intothe district irrespective of § (f) of Ark. Code Ann. § 6-18-206?
The "Arkansas Public School Choice Act of 1989" is codified at A.C.A. §6-18-206. It has been amended several times since its original adoption, most recently by Act 1272 of 2003. This most recent act requires all school districts to participate in public school choice, rather than making such participation optional with each school board, as under prior law. The applicable statute sets out a procedure for a student or his or her parent or guardian to make application for a transfer of school districts. The statute also sets out, among other things, requirements pertaining to student transportation and the treatment of "state equalization aid" with regard to transferring students. Subsection (f) of the statute, which you reference in your request, provides as follows:
 (f) The provisions of this section and all student choice options created in this section are subject to the following limitations:
 (1) No student may transfer to a nonresident district where the percentage of enrollment for the student's race exceeds that percentage in the student's resident district except in the circumstances set forth in subdivisions (2) and (4) of this subsection;
 (2) A transfer to a district is exempt from the restriction set forth in subdivision (f)(1) of this section if the transfer is between two (2) districts within a county, and if the minority percentage in the student's race and majority percentages of school enrollment in both the resident and non-resident district remain within an acceptable range of the county's overall minority percentage in the student's race and majority percentages of school population as set forth by the department;
 (3) The department shall, by the filing deadline each year, compute the minority percentage in the student's race and majority percentages of each county's public school population from the October Annual School Report and shall then compute the acceptable range of variance from those percentages for school districts within each county. In establishing the acceptable range of variance, the department is directed to use the remedial guideline established in Little Rock School District v. Pulaski County Special School District of allowing an overrepresentation or underrepresentation of black or white students of one-fourth (1/4) or twenty-five percent (25%) of the county's racial balance. In establishing the acceptable range of variance for school choice, the department is directed to use the remedial guideline of allowing an overrepresentation or underrepresentation of minority or majority students of one-fourth (1/4) or twenty-five percent (25%) of the county's racial balance;
 (4) A transfer is exempt from the restriction set forth in subdivision (f)(1) of this section if each school district within the county does not have a critical mass of minority percentage in the student's race students of more than ten percent (10%) of any single race;
 (5) In any instance where the foregoing provisions would result in a conflict with a desegregation court order or a district's court-approved desegregation plan, the terms of the order or plan shall govern;
 (6) The department shall adopt appropriate rules and regulations to implement the provisions of this section; and
 (7) The department shall monitor school districts for compliance with this section.
A.C.A. § 6-18-206 (f), as amended by Act 1272 of 2003 (emphasis added).
The emphasized language of subsection (f)(5) above provides for the supremacy of a desegregation orders or court-approved desegregation plans in the case of a "conflict" between such orders and plans, on the one hand, and the "foregoing" provisions of A.C.A. § 6-18-206(f), which outline racial limitations and exceptions on transfers. Conceivably, therefore, a federal court order could, depending upon its provisions, have controlling effect over the provisions of A.C.A. § 6-18-206(f). The question in each instance will be whether the statutory provisions above actually conflict with any such a federal court order. Resolution of that type of question will depend upon the provisions of the order in question and any and all other pertinent facts and laws. I cannot determine this issue in the context of an official Attorney General opinion. As one of my predecessors stated in Op. Att'y Gen. 95-066:
 The construction of such [federal court] orders and agreements is best left to the parties themselves, or ultimately to the federal court. This office has not been provided with a copy of any federal court order or settlement agreement, and cannot, in the context of an official opinion of the Attorney General, especially where the state is not a party, presume to dictate actions to be taken under the rubric of such documents.
Id. at 2. See also Op. Att'y Gen. 94-139 (declining to interpret a federal court order and stating that" reference to th[e] particular court order, and possibly clarification from the federal court, would be necessary to resolve the issue conclusively).
I am therefore unable to render an opinion on your first and second questions above.
Question 3 — Finally, to the extent that two school districts come inconflict regarding any students that have been accepted into the districtunder the previously assumed U.S. District Court order and thosedistricts petition the State Board of Education for resolution of thatissue pursuant to Ark. Code Ann. § 6-18-206(g), does the State Board ofEducation have the necessary legal authority to decide that a schooldistrict is in compliance with the Arkansas School Choice Act and mayaccept students outside of the racial parameters called for in Ark. CodeAnn. § 6-18-206 as long as the district is in compliance with therequirements of the assumed U.S. District Court order?
Subsection (g) of A.C.A. § 6-18-206 provides that: "[t]he state board shall be authorized to resolve disputes arising under subsections (b) — (f) of this section."
In my opinion the State Board of Education does not have authority to determine that a school district "is in compliance with the Arkansas School Choice Act" where in order to do so, the Board would have to construe the provisions of a federal district court order and make a determination that it supersedes the racial limitations in subsection (f) of the Arkansas Public School Choice Act. This is essentially a judicial decision. Cf. State Police v. McCall, 98 A.D.2d 921, 470 N.Y.S.2d 916
(1983) ("State Human Rights Appeal Board" (a state administrative agency), did not exceed its jurisdiction in construing federal district court order, but only because its decision was supported by other documentary proof and board did not base its decision solely on an interpretation of federal court order).
Disputes involving construction of federal court orders are properly left to the parties thereto, and their respective counsels, or if necessary, to the issuing court itself.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh