Matter of Kolash v New York State Div. of Human Rights (2025 NY Slip Op 01462)

Matter of Kolash v New York State Div. of Human Rights

2025 NY Slip Op 01462

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

67 TP 24-00161

[*1]IN THE MATTER OF JOSEPH D. KOLASH, PETITIONER,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS AND UNIVERSITY OF ROCHESTER, RESPONDENTS. 

EISENBERG & BAUM, LLP, NEW YORK CITY (ANDREW ROZYNSKI OF COUNSEL), FOR PETITIONER. 
OSBORN, REED & BURKE, LLP, ROCHESTER (AIMEE LAFEVER KOCH OF COUNSEL), FOR RESPONDENT UNIVERSITY OF ROCHESTER. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Kevin M. Nasca, J.], entered January 22, 2024) to review a determination of respondent New York State Division of Human Rights. The determination dismissed the complaint. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (DHR) dismissing his complaint against respondent University of Rochester (University). Petitioner, who was born deaf, alleges that the University unlawfully discriminated against him in violation of Executive Law § 296 by treating him differently because of his hearing disability at its medical center, a place of public accommodation, and denying him an accommodation for his disability. DHR's determination, which adopted the recommendation of the Administrative Law Judge [ALJ], dismissed petitioner's complaint on the ground that he failed to establish that he was excluded from or denied access to services of a place of public accommodation because of his disability.
The New York State Human Rights Law protects individuals with disabilities from "discrimination in the form of denial of services, or unequal access to service, advantages or privileges by a place of public accommodation" (Matter of Staten Is. Alliance for Mentally Ill v Tolbert, 306 AD2d 31, 32 [1st Dept 2003]; see Executive Law §§ 292 [9]; 296 [2]). A discriminatory practice includes a refusal "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities" (§ 296 [2] [c] [i]), or "to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services" (§ 296 [2] [c] [ii]).
Our review of a DHR determination made after a hearing "is limited to the issue whether it is supported by substantial evidence" (Matter of Hirsch v New York State Div. of Human Rights, 232 AD3d 1248, 1249 [4th Dept 2024]; see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331 [2003]). "It is peculiarly within the domain of the [DHR] Commissioner, who is presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful discrimination" (Hirsch, 232 AD3d at 1249 [internal quotation marks omitted]; see Matter of Garvey Nursing Home v New York State Div. of Human Rights, 209 AD2d 619, 619 [2d Dept 1994]). Thus, we are not permitted to "weigh the evidence or reject DHR's choice where the evidence is conflicting and [*2]room for a choice exists" (Hirsch, 232 AD3d at 1249 [internal quotation marks omitted]; see Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d 326, 333 [2024]; Matter of Jones v New York State Div. of Human Rights, 122 AD3d 1387, 1387 [4th Dept 2014]).
Here, we conclude that substantial evidence in the record supports the determination that petitioner failed to establish that he was excluded from or denied access to services of a place of public accommodation because of his disability. Petitioner asserted in his complaint that he arrived at the University's medical center to pick up his friend following completion of her medical procedure and that he had to wait in the lobby for 15 minutes because the reception desk was unstaffed and there were no auxiliary services available to him, but he failed to introduce evidence at the hearing demonstrating that a non-disabled individual would not have had to wait for the same length of time.
We have considered petitioner's remaining contentions and conclude that they are without merit.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court