**Nancy GAD–TADROS, Plaintiff,**

v.

**BESSEMER VENTURE PARTNERS and Deer Management Co., LLC, Corinne Pankovcin, J. Edmund Colloton, and Robert H. Buescher, Defendants.**

**No. 03 CV 3579(ADS)(JO).**

United States District Court, E.D. New York.

July 26, 2004.

**420**

Riad & Associates, P.C., by Robert E. Atkins, Jr., Esq., Of Counsel, New York, NY, Attorneys for the Plaintiff.

Wollmuth, Maher & Deutsch LLP, by Frederick R. Kessler, Esq., Of Counsel, Andrew S. Barron, Esq., New York, NY, Attorneys for the Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On May 1, 2003, Nancy Gad–Tadros ("Gad–Tadros" or the "plaintiff") com- menced this action against Bessemer Ven- ture Partners ("BVP"), Deer Management Co., LLC ("DMC"), Corrine Pankovcin ("Pankovcin"), J. Edmund Colloton ("Col- loton"), and Robert H. Buescher ("Buesch- er") (collectively, the "defendants"), assert- ing claims of employment discrimination and retaliation based on her religion, na- tional origin, and race. Presently before the Court is the defendants' motion to dismiss the plaintiff's amended complaint for failure to state a claim and lack of personal jurisdiction.

## I. BACKGROUND

### A. Factual Background

The following facts are taken from the amended complaint unless otherwise not- ed. The plaintiff is a self-described Coptic Christian female of Egyptian and Arab national origin and race. From December 1999 through January 2001, she worked as a staff accountant for the defendants BVP and DMC. During that period, there were no other employees of the same religion, national origin, and race as the plaintiff.

At the time the plaintiff was hired, the defendant Buescher was the managing partner of BVP and was her immediate supervisor. In March of 2001, BVP and DMC hired the defendant Pankovcin who became the plaintiff's direct supervisor, thus acquiring management responsibility over the plaintiff. In September of 2001, the defendant Colloton was hired as an Administrative Partner and/or the Chief Operating Officer of BVP. Colloton's status at BVP gave him management responsibil- ity over the plaintiff, as well as the two other named individual defendants.

Throughout the plaintiff's tenure at BVP and DMC, she consistently received excel- lent performance reviews. In addition, the

plaintiff's supervisors continuously documented her successful performance of all aspects of her job. However, according to the plaintiff, after Pankovcin joined the corporation, the plaintiff was continuously treated in a harsh and abusive manner, which was in sharp contrast with the way other employees were treated. In particular, Pankovcin allegedly belittled the plaintiff's Egyptian and Arab national origin, race, surname and Egyptian education and background. In addition, Pankovcin threatened to demote the plaintiff from her role as an accountant to a position as a bookkeeper.

Also, it is further alleged that, while BVP and DMC promoted less qualified co-workers with less seniority than the plaintiff, the defendants repeatedly passed over the plaintiff without justification. In addition, the defendants intentionally deprived the plaintiff of certain training opportunities, which apparently prevented her from any chance to maintain her employment at BVP and DMC. The plaintiff claims that her national origin, race and religion were the basis for the disparity in treatment between her and other employees. Although the plaintiff complained of the discriminatory conduct on a number of occasions, the individual defendants never took any action.

The plaintiff also claims that she witnessed Pankovcin discriminating against a Polish female co-worker, who was ultimately forced to leave the company. It is unclear from the complaint whether the plaintiff complained to the defendants about that incident. However, the plaintiff alleges that Buescher and Colloton eventually promised the plaintiff that they would admonish Pankovcin for her discriminatory conduct against the plaintiff's co-worker. However, despite this promise, the defendants did nothing.

Further, the plaintiff asserts that, on or about January 31, 2002, the ongoing discrimination and the defendants' unwillingness to rectify the discrimination resulted in her "constructive discharge." By that time, Buescher had become partner emeritus but still acted as a consultant to BVP and exercised control over management decisions. Subsequent to her constructive discharge, as part of her severance payment, BVP and/or DMC deposited a check directly into the plaintiff's bank account and apparently wanted her to sign a release form. She continued to complain about her treatment and refused to sign the release form. As a result, the defendants withdrew two weeks of severance pay from her account.

**B. Procedural Background**

On an unspecified date, the plaintiff filed a timely charge of discrimination with the New York State Division of Human Rights ("SDHR") and the United States Equal Employment Opportunity Commission ("EEOC"). On March 25, 2003, the SDHR issued a Determination and Order dismissing the charge for "administrative convenience." On May 5, 2003, the EEOC issued a Notice of Right to Sue to the plaintiff. On July 23, 2003, she commenced this action within 90 days of receipt of the Notice, claiming that the named defendants violated 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and New York's Human Rights Law, N.Y. Exec. Law § 296 ("NYHRL").

On October 30, 2003, the plaintiff filed an amended complaint, adding a claim for retaliation under Title VII and claims for race discrimination and retaliation under Section 1981. In the amended complaint, the plaintiff asserts claims against the corporate defendants BVP and DMC pursuant to Title VII, Section 1981, and the

NYHRL. As to the individual defendants Buescher, Pankovcin and Colloton, the plaintiff sets forth claims under Section 1981 and the NYHRL.

The defendants now move to dismiss for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") or, in the alternative, move to dismiss the claims as to Buescher and BVP for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). The defendants contend that the plaintiff fails to (1) state a claim of discrimination in the terms and conditions of her employment under pursuant to Title VII, Section 1981, or the NYHRL; (2) state a claim of retaliation pursuant to Title VII, Section 1981, or the NYHRL; and (3) state a claim for individual liability under the NYHRL. In addition, the defendants move to dismiss the action for lack of personal jurisdiction as to Buescher because the plaintiff failed to name him in the SDHR charge, and as to BVP because it is not an employer within the definition set forth under Title VII and NYHRL.

## II. DISCUSSION

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the facts alleged in the complaint would not entitle the plaintiff to relief. *King v. Simpson,* 189 F.3d 284, 287 (2nd Cir.1999); *see also, Bernheim v. Litt,* 79 F.3d 318, 321 (2nd Cir.1996). The Court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 138 (2nd Cir. 1999); *Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2nd Cir.1997).

In addition, the issue before the Court is not whether the plaintiff's claim will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of the claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2nd Cir.1995).

### B. Title VII

Title VII prohibits discrimination based on race, color, religion, sex, or national origin by an "employer." 42 U.S.C. § 2000e–2. An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b).

The defendants contend that the Court lacks personal jurisdiction over BVP on the ground that it is not an employer within the meaning of that term under Title VII. They explain that BVP is just the "street name" of certain hedge funds that DMC manages. In support of this assertion, the defendants rely upon a supporting affidavit of Colloton. In addition, the defendants contend that the plaintiff cannot bring an action against Buescher pursuant to Title VII because she failed to notify him at the agency level that he was the subject of a discrimination charge. However, the Court notes that, in the amended complaint, the plaintiff does not assert a Title VII claim against Buescher.

Further, notably, a challenge of BVP's status as an employer is not a jurisdictional issue but, rather, is an issue that is decided under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. *Da Silva v. Kinsho Int'l Corp.,* 229 F.3d 358, 366 (2d Cir. 2000). When deciding a motion to dismiss for failure to state a claim, the Court "must confine its consideration to facts stated on the face of the complaint, in

documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2nd Cir. 1991). Here, the amended complaint states that, "Defendant BVP is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b)." Therefore, accepting all facts in the complaint to be true, as the Court must for the purpose of this motion, at this juncture, the Court finds that the BVP is an employer under Title VII.

### 1. The Plaintiff's Claims of Discrimination as to the Terms and Conditions of her Employment

 The amended complaint contains allegations of employment discrimination against the corporate defendants BVP and DMC on the basis of race, religion, and national origin consisting of unequal terms and conditions of employment in violation of Title VII. This civil rights statute prohibits employers from discriminating against an employee with respect to compensation, terms, conditions, or privileges of employment, because of the employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a)(1). To state a prima facie case for discrimination under Title VII, a plaintiff must show that (1) she was a member of a protected group; (2) she was qualified for the position in question; (3) the defendant took an adverse employment action against her; and (4) the circumstances support an inference of discrimination on the basis of her membership in that protected class. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Graham v. Long Island Rail Road,* 230 F.3d 34, 38 (2nd Cir.2000).

Further defining the pleading requirements for an employment discrimination complaint, in *Swierkiewicz v. Sorema N.*

*A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the Supreme Court held that a complaint need not include specific facts establishing a prima facie case but must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 508, 122 S.Ct. 992 (quoting Fed.R.Civ.P. 8(a)(2)). This liberal pleading standard set forth in Fed. R.Civ.P. 8(a) requires the plaintiff to only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512, 122 S.Ct. 992 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Since *Swierkiewicz,* the Second Circuit has held that a Title VII plaintiff need not set forth circumstances supporting an inference of discrimination in order to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Phillip v. Univ. of Rochester,* 316 F.3d 291, 298 (2d Cir.2003).

Here, given this liberal pleading requirement, the Court finds that the plaintiff has met the requirements of Rule 8. Her allegations of being passed over for promotions and deprived of necessary training due to her religion, national origin and race are sufficient to give notice to the defendants of the discriminatory acts. Further, the complaint states that there is no other employee at BVP or DMC of the same religion, race, or national origin and that less-qualified employees and employees with less seniority were promoted over her. In addition, the plaintiff identified some relevant dates in her complaint. Thus, assuming the facts in the amended complaint to be true and drawing all reasonable inferences in favor of the plaintiff, the Court finds that she has sufficiently stated a claim for discrimination against the corporate defendants BVP and DMC based on her religion, national origin, and race.

### 2. The Plaintiff's Claim of Retaliation

■ The plaintiff also asserts that the corporate defendants retaliated against her in violation of Title VII which provides that "[i]t shall be unlawful employment practice for an employer to discriminate against any of his employees ... because [such employee] has opposed any practice made an unlawful practice by this subchapter." 42 U.S.C. § 2000e–3(a). In order to establish a prima facie case of retaliation under Title VII, the plaintiff must show that (1) she took part in a Title VII protected activity; (2) the employer knew that the plaintiff took part in that activity; (3) the employer acted adversely toward the plaintiff; and (4) the plaintiff's protected activity is causally connected to the adverse action taken by her employer. *Gordon v. New York City Bd. Of Educ.*, 232 F.3d 111, 116 (2nd Cir.2000) (citing *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2nd Cir.1993)). At this stage of the case, the plaintiff is only required to give fair notice of the retaliation claim and the grounds upon which it rests, in order to defeat the present motion. *See Swierkiewicz*, 534 U.S. at 514–15, 122 S.Ct. 992.

■ Here, the plaintiff alleges that she complained on numerous occasions about the disparity in treatment between her and her co-workers. An internal complaint of discrimination to management is a protected activity for purposes of a retaliation claim under Title VII. *See Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.*, 957 F.2d 59, 65 (2nd Cir.1992). In addition, she claims that, due to her complaints of discrimination, she was constructively discharged and the defendants retaliated against her by withdrawing two weeks of severance pay from her account. Based on these allegations, the Court finds that the plaintiff has sufficiently asserted a claim for retaliation.

### C. Section 1981

The defendants contend that the plaintiff's claims under Section 1981 for retaliation and discrimination based on creed, religion, and national origin should be dismissed. However, in reviewing the amended complaint, the Court notes that the plaintiff asserts claims pursuant to Section 1981 for employment discrimination and retaliation based on her "national origin, ancestry, race, and ethnic characteristics." Thus, contrary to the defendants' assertion, the plaintiff does not set forth a discrimination claim on the basis of her creed and religion under Section 1981.

■ Section 1981 prohibits intentional race-based discrimination in the workplace. *See Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir.1998). Under Section 1981, "race" includes ancestry and ethnicity. *See St. Francis College v. Al–Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). However, Section 1981 does not prohibit discrimination based on national origin. *Id.* Therefore, the plaintiff's Section 1981 claims that rest on her national origin must be dismissed.

■ In addition, claims brought pursuant Section 1981 are analyzed under the same standards as Title VII claims, *see Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2nd Cir.2000), and the holding in *Swierkiewicz* applies to Section 1981 claims, *Phillip v. Univ. of Rochester*, 316 F.3d 291, 299 (2d Cir.2003). As set forth above, the plaintiff has sufficiently pleaded claims for discrimination and retaliation under Title VII against BVP and DMC. For similar reasons, the Court finds that the plaintiff has also adequately pleaded claims for race discrimination and retaliation against BVP and DMC pursuant to Section 1981.

■ Unlike Title VII, Section 1981 provides for individual liability on the part of non-employers. A plaintiff seeking to impose individual liability under Section 1981 must demonstrate "some affirmative link to employment discrimination under § 1981." *Whidbee,* 223 F.3d at 75 (internal quotations and citation omitted). "Personal involvement may be shown where a supervisor had knowledge of the alleged acts of discrimination and failed to remedy or prevent them." *Darden v. Daimler-Chrysler N. Am. Holding Corp.,* 191 F.Supp.2d 382, 397 (S.D.N.Y.2002).

■ Here, the plaintiff states that her supervisors were the individual defendants Buescher, Pankovcin, and Colloton and that she reported the alleged discriminatory conduct to them. She further claims that they failed to remedy or prevent the alleged discrimination. In addition, the plaintiff alleges that she was constructively discharged and that two weeks of severance pay was deducted because she continued to complain about the alleged discriminatory conduct. Accordingly, the Court finds that the plaintiff's allegations of race discrimination and retaliation against the individual defendants pursuant to Section 1981 are sufficient. However, as previously stated, the plaintiff's claim of discrimination based on her national origin pursuant to this section is dismissed.

**D. NYHRL**

■ The plaintiff also asserts claims of employment discrimination and retaliation against the corporate defendants BVP and DMC pursuant to N.Y. Exec. Law § 296(1)(e). The NYHRL provides, in relevant part, that "it shall be unlawful discriminatory practice ... for an employer ... because of the age, race, creed, color, national origin, sex ... to discriminate against such individual in compensation or in terms, conditions or privileges of em-

ployment." N.Y. Exec. Law § 296. In deciding a motion to dismiss, the Court considers the claims under the New York Human Rights Laws in tandem with Title VII claims. *See, e.g., Horvath v. Am. Tissue Corp.,* 210 F.Supp.2d 189, 192 (E.D.N.Y.2002); *Kaible v. U.S. Computer Group, Inc.,* 27 F.Supp.2d 373, 377 (E.D.N.Y.1998). Because the plaintiff has sufficiently pleaded a claim for employment discrimination and retaliation under Title VII, she has also adequately pleaded these claims against BVP and DMC for purposes of the NYSHRL.

**1. Individual Liability under NYHRL**

■ Section 296(6) of the NYHRL states that it is unlawful discriminatory practice for "any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6). The Second Circuit has held that this language imposes individual liability on "a defendant who actually participates in the conduct giving rise to a discrimination claim," even though the employee is not alleged to have any power to do more than carry out personnel decisions made by others. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir.1995); *Chamblee v. Harris & Harris, Inc.,* 154 F.Supp.2d 670, 677 (S.D.N.Y.2001).

In this case, the plaintiff claims that the individual defendants Buescher, Colloton, and Pankovcin were her supervisors. The plaintiff also asserts that Pankovcin belittled her national origin, race, surname and Egyptian and education and background and that she threatened to demote the plaintiff from her role as an accountant. The plaintiff further claims that she was deprived of training and denied promotions due to her national origin and race and that she repeatedly complained to

Buescher and Colloton about the discriminatory conduct. In addition, the plaintiff states that these three individual defendants, all supervisory personnel, failed to take any action to rectify the discrimination. The Court finds that these allegations sufficiently set forth a cause of action for individual liability under the NYHRL.

### 2. NYHRL Claims against Buescher

 The defendants also argue that the plaintiff cannot maintain an action against Buescher pursuant to NYHRL because she failed to notify him at the agency level that he was the subject of a discrimination charge. The plaintiff counters that, given that the SDHR dismissed the plaintiff's charge for administrative convenience, her failure to name Buescher in the charge does not bar her from bringing a NYHRL claim against him in this action. The plaintiff is correct.

 Section 297 of the N.Y. Exec. Law provides a plaintiff with a choice of remedies in a state law cause of action for employment discrimination. *See* N.Y. Exec. Law § 297. It is well settled that if a litigant brings a discrimination complaint before the SDHR, she may not bring a subsequent judicial action under the NYHRL based on the same incident. *See York v. Ass'n of Bar of City of New York,* 286 F.3d 122, 127 (2d Cir.2002) (citing *Moodie v. Fed. Reserve Bank of New York,* 58 F.3d 879, 882 (2d Cir.1995)). After the SDHR decides the claim, a litigant may only appeal that decision to the Supreme Court of the State of New York. *See* N.Y. Exec. Law § 298. A litigant may bring a subsequent judicial action only when the SDHR dismisses the claim for administrative convenience. *Moodie,* 58 F.3d at 882 (citing N.Y. Exec. Law § 297).

N.Y. Exec. Law § 297(9) provides in pertinent part:

**Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages ... and such other remedies as may be appropriate ... unless such person had filed a complaint hereunder or with any local commission on human rights.**

Here, because the SDHR dismissed the plaintiff's complaint on the basis of "administrative convenience," the plaintiff is permitted to bring suit against the defendants, including Buescher, in this action. *See Kirkland v. City of Peekskill,* 651 F.Supp. 1225, 1231 n. 2 (S.D.N.Y.1987) ("The New York State Court of Appeals has ... held that the very filing of the complaint with the [SDHR], even without any action on the part of the agency, constitutes a binding election of remedies which precludes the plaintiff from commencing any action in court based on the same incident, unless the complaint is dismissed on the grounds of administrative convenience."). Accordingly, the Court declines to dismiss the NYHRL claim against Buescher.

### III. CONCLUSION

Based on the foregoing, it is hereby ordered that the defendants' motion to dismiss for failure to state a claim is **GRANTED** only with respect to the plaintiff's claim of discrimination on the basis of national origin under Section 1981, and **DENIED** with respect to her remaining claims. In addition, the defendants' motion to dismiss the action as to the defendants BVP and Buescher for lack of jurisdiction is **DENIED**.

**SO ORDERED.**